RECORD NO. 12-4921

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

v.

**JIMMY LEE WILLIAMS,**
a/k/a Jerry Williamson, a/k/a Jermaine Thomas Williamson,
a/k/a James Thomas Williamson, a/k/a Jimmy Jermaine Williamson,
a/k/a Kenneth Goss, a/k/a Jerminie Thomas Williamson,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

### BRIEF OF APPELLANT

Carol Ann Bauer
ATTORNEY AT LAW
Post Office Box 3872
Morganton, North Carolina 28680
(828) 430-9850

*Counsel for Appellant*

---

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION .............................................................................1

STATEMENT OF THE ISSUES............................................................................1

STATEMENT OF THE CASE................................................................................1

STATEMENT OF THE FACTS .............................................................................3

SUMMARY OF ARGUMENT ...............................................................................6

ARGUMENT ...........................................................................................................6

    I.    The District Court's decision to revoke the Appellant's supervised release instead of continuing the Appellant on supervised release and allowing him to pursue mental health treatment outside of the Bureau of Prisons was plainly unreasonable ...................................................................................6

        Standard of Review .................................................................................6

        Discussion ................................................................................................7

CONCLUSION........................................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

United States v. Booker,
   543 U.S. 220 (2005).............................................................................7

United States v. Crudup,
   461 F.3d 433 (4th Cir. 2006) ............................................................6, 7

**STATUTES**

18 U.S.C. § 371 .............................................................................................1

18 U.S.C. § 513 .............................................................................................2

18 U.S.C. § 1344 .......................................................................................1, 2

18 U.S.C. § 3231 ...........................................................................................1

18 U.S.C. § 3553(a) ......................................................................................7

18 U.S.C. § 3553(a)(1) .................................................................................7

18 U.S.C. §§ 3553(a)(2)(A)-(D) ...................................................................7

28 U.S.C. § 1291 ...........................................................................................1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Subject Matter Jurisdiction is vested in the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 18 U.S.C. § 3231; 18 U.S.C. § 371; and 18 U.S.C. § 1344.

Appellate Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1291 in that it is a final decision of a district court and in violation of the law.

The Appellant admitted to the New Law Violation on October 31, 2012 during a revocation hearing before the Honorable Max O. Cogburn, Jr., United States District Court Judge. In a Judgment in a Criminal Case filed on November 13, 2012, the Court revoked the Appellant's supervised release for a term of 24 months to run concurrent with any State charges. (JA 59-60). The Defendant filed Notice of Appeal on November 14, 2012. (JA 63-64).

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in revoking the Appellant's supervised release instead of continuing the Appellant on supervised release and allowing him to pursue mental health treatment outside of the Bureau of Prisons.

## STATEMENT OF THE CASE

On September 10, 2001, the Grand Jury issued a Bill of Indictment charging the Appellant and three co-defendants with (Count One) conspiracy to defraud the State Employees Credit Union, Charlotte Metro Credit Union, Truilant Federal Credit Union, Coastal Federal Credit Union, School Workers Federal Credit Union, and State Federal Credit Union to obtain money while the credit unions

1

were insured by the National Credit Union Share Insurance Fund, Bank Boston, First Union National Bank, Bank of America, Wachovia Bank, Bank of New York, Central Carolina Bank and others to obtain money while the banks were insured by the Federal Deposit Insurance Corporation in violation of 18 U.S.C. § 1344; with conspiracy to utter and possess forged and fraudulent securities of Piedmont Insurance Company, Piedmont Insurance Agency, Life Insurance Services Inc., Strategic Sources Inc., Bill Jamison Management Company, Assurance Capital Consultants, Equity Brokerage Inc., WH & Associates, Cyprus Restaurant Supply Company, Commerce Casualty Group, Gatewood Insurance Company, Telecomp America, C.C. Concrete Company, P & J Pressure Washing, S & W Financial Services, G & B Construction, Coresearch, and others with the intent to deceive in violation of 18 U.S.C. § 513; and (Counts Two, Three, and Four) with defrauding the State Employees Credit Union, which was insured by the National Credit Union Share Insurance Fund, to obtain money, funds, and property in violation of 18 U.S.C. § 1344.  (JA 13-17).

     On October 24, 2002 in open court and in the Judgment in a Criminal Case dated November 13, 2002, the Appellant entered guilty pleas to Counts One, Two, and Three of the Bill of Indictment and Court Four was dismissed.  (JA 19).  The Court sentenced the Appellant to a 60 month term of imprisonment for Count One and 105 months on each of Counts Two and Three with all three counts to run concurrently of each other.  (JA 20).  Additionally, the Court ordered that the Appellant serve three year terms of supervised release on each of the three counts to run concurrently of each other.  (JA 21).

The Appellant was released from prison on or about January 21, 2011, and a petition for supervised release violation was issued on April 19, 2011 alleging that the Appellant had failed to report to his probation officer as instructed. (JA 65). That violation was dismissed on September 26, 2011 after the Court concluded that the condition had not been violated. (JA 27).

On February 9, 2012, the Court ordered that a warrant be issued for a petition alleging a New Law Violation and stating that the Appellant had been arrested for Obtain Property by False Pretenses, Identity Theft, and Uttering Forged Instrument in Gaston County, North Carolina. (JA 92-93).

## STATEMENT OF THE FACTS

The Petition for Warrant for Offender Under Supervision alleged that the Appellant had violated his supervised release with a New Law Violation:

> "The defendant has violated the condition of supervision that states, 'The defendant shall not commit another federal, state, or local crime,' in that, on 02/08/2012, the defendant was arrested and charged with Obtain Property by False Pretenses, Identity Theft, and Uttering Forged Instrument. These charges are pending in Gaston County District Court."

(JA 92).

Before the commencement of the revocation hearing, the Appellant's attorney addressed the Court and requested an opportunity for the Appellant to view the government's videotape which purported to show the Appellant in a store. (JA 30). Upon viewing the videotape with his client, the Appellant's attorney told the Court that the Appellant did not wish to contest the violation. (JA 34).

3

The Appellant's attorney described some "bizarre" behavior by the Appellant who told counsel that he could be anybody he wanted to be and could change his name and be a different person as long as he had three people to witness the change. The attorney told the Court that he did not think that the Appellant was "incompetent" but he did "have some concerns about his mental state." (JA 35). Furthermore, his attorney stated that there did not appear to be any criminal intent but did appear "to be some type of mental disorder that he suffers from that causes him to act or react under certain stressors, and as a result of that he engages in this type of behavior." (JA 36).

Since Counsel admitted that the Appellant was competent, the Court denied his motion for a psychiatric exam for mitigation purposes. (JA 36-37). The Assistant United States Attorney told the Court that the 2002 Presentence Investigation Report did not report a history of mental or emotional problems and contended that any such problems must have developed in the past ten years. (JA 37-38). He further contended that the Appellant had "27 previous convictions going back to 1988, and 26 of them involve conduct with checks or fraud or that sort of thing" and therefore, the Appellant's behavior was "criminal" as opposed to activity that could be accomplished by a "crazy person." (JA 38).

The Appellant's attorney had acknowledged "a history of fraudulent behavior"by the Appellant. (JA 35).

In the violation at hand, the Appellant had procured the victim's account number and forged a check. He then went to Sam's Club to fill out an application

for a card to use in the store using false identification and bought $1,900.00 worth of merchandise. (JA 41).

The Appellant's attorney asked the Court to recommend that a mental health examination be done in the Bureau of Prisons. (JA 44-45). The Court acknowledged that the Bureau of Prisons may give the Appellant a mental health examination while in custody but that he could also be placed on more supervised release once his sentence was completed and that the mental health examination could be done at that time. (JA 47).

Although the Appellant's attorney argued that the Court should order an evaluation and supervision, he acknowledged that the Court was going to send the Appellant to prison first. (JA 49).

The Court stated that the only time the Appellant stopped his behavior was when he was "locked up" and therefore prison was "a good deterrent for him." (JA 50).

The parties agreed that the violation was a Grade B with a Criminal History Category of VI and a Sentencing Guidelines range of 21 to 27 months imprisonment. (JA 40).

The Appellant told the Court that while incarcerated, he had completed a class called "New Friend" in which the participants would develop a "new blue print" of themselves and what they really wanted to be. The Appellant stated –

> "I looked over my life, the only thing I ever wanted to do was be successful. Okay. But it would cost. I didn't want to be successful that way. Doing my blueprint, I found out that while I was doing it in the class, I found out that one of my main problems is I think that

5

when I get under stress, I feel like the world's closing in, try to figure a way out to pull out."

(JA 51).

The Appellant requested that the Court continue him on supervised release and allow him to work on his blueprint. (JA 52). However, the Court revoked his supervised release and committed him to the custody of the Bureau of Prisons for a term of 24 months. (JA 53). Additionally, the Court ordered that the Appellant "shall be required to submit to a mental evaluation and to comply with all treatment which is recommended by that examination, and to remain in treatment until either released from treatment by the professionals who are handling his mental treatment or by the United States Probation Office." (JA 54).

## SUMMARY OF ARGUMENT

The Appellant's case should be reversed and remanded for a new hearing based on the District Court's error in revoking the Appellant's supervised release instead of continuing the Appellant on supervised release and allowing him to pursue mental health treatment.

## ARGUMENT

I. The District Court's decision to revoke the Appellant's supervised release instead of continuing the Appellant on supervised release and allowing him to pursue mental health treatment outside of the Bureau of Prisons was plainly unreasonable.

<u>Standard of Review</u>

This Court reviews the appeal of a supervised release revocation sentence to determine if the District Court's sentence was "plainly unreasonable." <u>United States v. Crudup</u>, 461 F.3d 433, 439 (4th Cir. 2006).

6

Discussion

Before this Court can decide that a sentence is plainly unreasonable, it must first decide whether the sentence itself was reasonable. Crudup, 461 F.3d at 438. After United States v. Booker, 543 U.S. 220 (2005), this Court held that supervised release revocation sentences "should be reviewed to determine whether they are 'plainly unreasonable' with regard to those 3553(a) factors applicable to supervised release revocation sentences." Crudup, 461 F.3d at 437. The § 3553(a) factors required that the sentencing court consider "the nature and circumstances of the offense and the history and characteristics of the defendant" to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes which are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "(B) to afford adequate deterrence to criminal conduct;" "(C) to protect the public from further crimes of the defendant;" and "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A)-(D).

The Appellant contends that the new law violation of his supervised release was the result of mental illness and therefore further incarceration would not be a deterrent. Other than the "blueprint" class offered in the Bureau of Prisons, it does not appear that the Appellant ever received mental health treatment. The Appellant's criminal history shows a lengthy record of crimes involving the illegal acquisition of money and property. (JA 96-109). The Appellant admitted that

7

these crimes would occur when he was under stress and feeling like the world was closing in on him. (JA 51). The Appellant's counsel told the Court that at the time of the violation the Appellant was again under a lot of stress. He was in the process of getting married while having to support his two elderly parent who were sick as well as having to support his children. (JA 43).

    Although the Court ordered that the Appellant receive a mental health evaluation while in the custody of the Bureau of Prisons, it is unknown whether the Bureau of Prisons could also provide any needed treatment for the Appellant's emotional and psychological problems. Therefore, the reasonable decision for the District Court would have been to continue the Appellant on supervised release while ordering a mental health evaluation and treatment in the private sector where the Appellant would most likely receive proper treatment.

## **CONCLUSION**

    Based on the above argument and authorities, the Appellant respectfully requests that this Court vacate the decision of the District Court revoking his supervised release and remand the case back to the District Court for a new hearing.

8

This the 16th day of April, 2013.

>Respectfully submitted,
>
>/s/ Carol Ann Bauer
>Carol Ann Bauer
>North Carolina State Bar No. 21915
>Post Office Box 3872
>Morganton, North Carolina  28680-3872
>(828) 430-9850 – Telephone
>(828) 437-9397 – Facsimile
>cabauer@directus.net
>*Counsel for Appellant Jimmy Lee Williams*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,057*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: April 16, 2013                    /s/ Carol Ann Bauer
                                          *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 16th day of April, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 16th day of April, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Carol Ann Bauer
*Counsel for Appellant*
